**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**REGINALD FARRIOR,**

     **Petitioner,**

**v.**                                  **Case No. 4:21cv181-MW/MAF**

**STATE OF FLORIDA,**

     **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO TRANSFER HABEAS CORPUS PETITION

On or about April 23, 2021, Petitioner Reginald Farrior, a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 as well as attachments.   ECF No. 1.   He has not paid the filing fee or filed a motion for leave to proceed in forma pauperis.

As an initial matter, it is not clear whether Petitioner himself signed the petition.   *See* ECF No. 1 at 9-10, 19.   Ordinarily, this Court would require Petitioner to submit a properly signed amended petition; however, further review of the filing indicates it should be transferred, as explained below.

Petitioner Farrior is currently incarcerated at the RMC - West Unit, Florida Department of Corrections, in Lake Butler, Florida, which is located in Union County, in the Middle District of Florida, served by the Jacksonville Division.   ECF No. 1; *see* 28 U.S.C. § 89(b); M.D. Fla. R.  1.02(b)(1).   A

review of the § 2241 petition and attachments indicates that he actually challenges a state court judgment from the Sixth Judicial Circuit Court, Pinellas County, Florida, which is located in the Middle District of Florida. ECF No. 1*; see* 28 U.S.C. § 89(b).   Indeed, as relief, he seeks release from prison.   ECF No. 1 at 8.   Thus, although presented as a petition pursuant to § 2241, the petition actually requests habeas corpus relief pursuant to 28 U.S.C. § 2254.

Jurisdiction is appropriate in the district of confinement and the district of conviction.   28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated).   In this case, however, Petitioner is neither confined within the Northern District nor is his challenged conviction from a state court within the Northern District.   Accordingly, this Court lacks jurisdiction and this petition should be transferred to the United States District Court for the Middle District of Florida, Tampa Division.   *Id*.; M.D. Fla. R. 1.02(b)(4).   *See* Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to

Case No. 4:21cv181-MW/MAF

the United States District Court for the Middle District of Florida, Tampa

Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2021.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**